**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION**

| | | |
|---|---|---|
| CHRISTOPHER LAMOND CAMPBELL, | * | |
| Petitioner, | * | |
| | * | |
| v. | * | |
| | * | Civil No. AW-12-411 |
| UNITED STATES OF AMERICA | * | Crim. No. AW-11-104 |
| Respondent | * | |
| | * | |
| | * | |
| | * | |

**************************************************************************

<u>**MEMORANDUM OPINION**</u>

**I.      BACKGROUND**

Before the Court is Petitioner/Defendant Christopher Lamond Campbell ("Petitioner")'s Motion to Vacate, Set Aside, or Correct a Sentence filed pursuant to 28 U.S.C. § 2255.  On March 17, 2011, and pursuant to a written plea agreement, Petitioner pled guilty to making a false statement in an application for a passport in violation of 18 U.S.C. § 1542 (Count I) and aggravated identity theft in violation of 18 U.S.C. § 1028A(a)(1) (Count III).

Initially, Petitioner's base offense level under the Federal Sentencing Guidelines for Count I (making a false statement in an application for a passport) was eight. Based on a two-level reduction in Petitioner's offense level and a criminal history category of I, the guideline range of imprisonment for Count I was zero to six months, with four months recommended. Count III (aggravated identity theft) carried a mandatory minimum twenty-four month sentence consecutive to the sentence imposed for Count I.  On June 29, 2011, the Court sentenced Petitioner to a total of twenty-five months imprisonment, one month for Count I and twenty-four

months for Count III to run consecutively, followed by three years supervised release.   The Petitioner did not appeal either the conviction or the sentence imposed by the Court.

## II.    ANALYSIS

The present § 2255 was filed by Petitioner on February 9, 2012. Doc. No. 20.   In his Motion, Petitioner presents four grounds on which he contends he is entitled to relief.   First, Petitioner asserts that he received ineffective assistance of counsel in regards to entering a guilty plea. Second, Petitioner asserts that the Court abused its discretion when it failed to accept the Petitioner's letter as a motion to withdraw his guilty plea.   Third, Petitioner posits that due to ineffective assistance of counsel, the Court did not properly question him.   Lastly, Petitioner claims that the Court abused its discretion during the Rule 11 hearing on March 17, 2011 by not questioning Petitioner on the facts of the crime for which he pled guilty. The matter has been fully briefed and is now ripe for resolution.

First, Petitioner claims his counsel was ineffective because he wrongfully advised Petitioner of the nature of his sentence, failed to inform him of the potential consequences of pleading guilty including immigration consequences, and failed to ask Petitioner for the relevant facts underlying the plea.   Petitioner also asserts that his counsel did not ensure that he was properly questioned during the plea colloquy. In order to prevail under a claim of ineffective assistance of counsel, the Petitioner must satisfy a two-pronged test under the well-established standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984).   Petitioner must "show that counsel's performance was deficient" and "that the deficient performance prejudiced the defense."   *Id*. at 688.   The standard of deficient performance is only satisfied if Petitioner can

make a "showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687.

First, Petitioner must establish that "counsel's performance fell below an objective standard of reasonableness." *Id.* at 688. However, Petitioner has to overcome "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance" or "sound trial strategy." *Id*. at 689. Second, under the prejudice prong, Petitioner must show that counsel's inadequate performance prejudiced him. *Id*. at 687. Petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694.

After reviewing both the plea agreement and transcript of the Rule 11 proceeding, the Court agrees with the Government that Petitioner's ineffective assistance of counsel claim has failed under both prongs of *Strickland*. *Id.* Although Petitioner discredits the Government's reliance on his sworn statements made during the plea colloquy (Doc. No. 29 at 1), "in the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should, without holding an evidentiary hearing, dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements." *United States v. Lemaster*, 403 F.3d 216, 221-22 (4th Cir. 2005). Petitioner signed a plea agreement that states: "I am completely satisfied with the representation of my attorney." Doc. No. 12 at 8. Similarly, during the plea colloquy, the Court asked Petitioner if he was "satisfied with the legal services" of his counsel and Petitioner answered "yes, sir." Doc. No. 26 at 13. The Court described to Petitioner the maximum sentences for both charges, making it clear that Count III has a "mandatory two-year imprisonment which has to run consecutive to any sentence [The Court] impos[es] in Count One." Doc. No. 26 at 8. Similarly, Petitioner

signed the plea agreement which clearly states that the maximum penalty for Count III was a "mandatory two years' imprisonment consecutive to any other sentence imposed." Doc. No. 12 at 2.  Petitioner signed the plea agreement under the affirmation: "I have read this agreement, including the sealed supplement, and carefully reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it…." Doc. No. 12 at 8.

With regard to the immigration consequences, both the plea agreement and the transcript of the Rule 11 proceeding establish that Petitioner knew the consequences of his guilty plea. The plea agreement states that "[Petitioner] recognizes that if he is not a citizen of the United States, pleading guilty may have consequences with respect to his immigration status…. including automatic removal from the United States." Doc. No. 12 at 4.  The plea agreement further highlights that "no one, including [Petitioner's] attorney or the Court, can predict with certainty the effect of a conviction on immigration status….[Petitioner] nevertheless affirms that he wants to plead guilty regardless of any potential immigration consequences." Doc. No. 12 at 8.  Similarly, during the plea colloquy, the Court asked Petitioner if he understood that a guilty finding could affect immigration status to which Petitioner answered, "yes, sir." Doc. No. 26 at 14-15.  After Petitioner stated that he was not a citizen, the Court questioned, "[K]nowing that, do you still wish to plead guilty?" and Petitioner answered, "yes, sir." Doc. No. 26 at 15.

Petitioner's claim that his counsel was inadequate because he failed to ensure that his client was properly questioned as to the facts of his offense is meritless.  Petitioner alleges that he is innocent of the offense because he was not aware that the identifiers he purchased belonged to a "real person."  Both the plea agreement and the plea colloquy make a number of references to the "real person" requirement.  During the plea colloquy, the Court listed the element as "two, that you knew the identity belonged to a real person…." Doc. No. 26 at 7.  The defendant

replied, "yes, sir." *Id.*  Similarly, the plea agreement stated that under 18 U.S.C. § 1028A "(2) the defendant knew the identity belonged to a real person." Doc. No. 12 at 2.  Petitioner fails to provide clear and convincing evidence that he misunderstood the elements of the offense.[1]   The Court is unable to conclude that Petitioner's counsel was derelict in his performance or that Petitioner was prejudiced by counsel's performance.

Next, Petitioner asserts that the Court abused its discretion when it failed to accept the Petitioner's letter as a motion to withdraw his guilty plea. Doc. No. 20-3.  Petitioner also asserts that the letter was an implicit request for the appointment of substitute counsel.  A court can consider a Petitioner's pre-sentence request for withdrawal if "the defendant can show a fair and just reason for requesting the withdrawal," Fed. R. Crim. P. 11(d)(2)(B).  However, Petitioner fails to indicate a "fair and just reason.*" Id.*  Also, the Court is not required to view his letter as a pro se implied motion because he was represented by counsel throughout the proceedings. *United States v. Barnes*, 358 Fed. App'x 412, 413 (4th Cir. 2009) (citing *United States v. Vampire Nation*, 451 F.3d 189, 206 n.17 (3d Cir. 2006)).  Accordingly, this claim must be denied.

Lastly, Petitioner claims that the Court abused its discretion during the Rule 11 hearing by not questioning Petitioner on the facts of the crime for which he pled guilty.  Petitioner asserts that the court did not request an "individual statement" from him. Doc. No. 20 at 8.  The Court asked Petitioner, "Do you have anything you wish to ask me or bring up before I decide whether I should accept your guilty plea?" and Petitioner responded, "no, sir." Doc. No. 26 at 19.  As mentioned above, Petitioner agreed to the stipulated facts in the plea agreement and the Rule 11

---

[1] "Absent clear and convincing evidence to the contrary, a defendant is bound by the representations he makes under oath during a plea colloquy." *Fields v. Atty. General of Md.*, 956 F.2d 1290, 1299 (4th Cir. 1992).

proceeding clearly outlined the elements of his crime.  The Petitioner listened and agreed to the Government's reading of the facts. See Doc. 26 at 17-18.  This final claim is no more than a bald allegation and is also denied.

The Court has reviewed the current pleadings and the files relative to the present Motion and the underlying criminal case in their entirety. The Court finds that Petitioner has not demonstrated a cognizable basis for relief.  Accordingly, the Petitioner's Motion pursuant to § 2255 is DENIED.

### A Certificate of Appealability

There is no absolute entitlement to appeal a district court's denial of a Motion under § 2255.  *See* 28 U.S.C. § 2353(c)(1).  "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."  *Id.* § 2253(c)(2).  To meet this burden, an applicant must show that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'"  *Slack v. McDaniel*, 529 U.S. 473, 475 (2000) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)).  It is the Court's view that Petitioner has raised no arguments which cause this Court to view the issues as debatable, or find that the issues could have been resolved differently, or to conclude that the issues raise questions which warrant further review.  Accordingly, the Court denies a Certificate of Appealability.

A separate Order will be issued.

| March 13, 2013 | /s/ |
|---|---|
| Date | Alexander Williams, Jr. |
| | United States District Judge |